**DUANE MORRIS LLP**
By: Anthony J. Costantini
      Suzan Jo
      Kevin P. Potere
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATTESTOR MASTER VALUE FUND LP,

    Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

    Defendant.

14 Civ. 5849 (TPG)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Attestor Master Value Fund LP ("Attestor" or "Plaintiff") respectfully submits this Reply Memorandum of Law in further support of its motion for partial summary judgment.

### ARGUMENT

**I. ATTESTOR HAS ADEQUATELY PROVEN OWNERSHIP OF THE 1994 FAA BONDS**

In its memorandum of law in opposition to Plaintiff's motion for partial summary judgment dated March 17, 2015 ("Opp. Br."), Defendant Republic of Argentina (the "Republic" or "Defendant") argues that Attestor's motion should be denied because Attestor submitted a record of bond ownership that was dated August 18, 2014, which the Republic alleges to be

several weeks beyond the self-created "five-month age limit" for establishing proof of ownership. (Opp. Br. at 28). While this argument is on its face absurd, in further support of its motion for partial summary judgment, Attestor submits a Statement of Account dated March 20, 2015, which lists all the bonds in the Complaint. *See* Reply Declaration of Anthony J. Costantini in Further Support of Motion for Partial Summary Judgment, dated April 7, 2015 ("Costantini Reply Decl.") Exh. A; *see also* Fed. R. Civ. P. 56(e)(1) (court may "give[] an opportunity to properly support or address the fact" challenged by opposing party). Attestor also submits an Account Holdings statement dated March 20, 2015, which also lists all the bonds reflected in Attestor's Complaint. Costantini Reply Decl. Exh. B. While the Republic will no doubt invent yet another reason why it considers this evidence to be insufficient proof of ownership, Attestor respectfully requests that the Court find Attestor's numerous account statements to be sufficient proof of ownership of the 1994 FAA bonds listed in Attestor's Complaint.

## II.   ATTESTOR IS ENTITLED TO SUMMARY JUDGMENT

In further support of its motion for partial summary judgment and in response to Section III of Defendant's opposition brief (pp. 30-39), Attestor, which is a non-judgment creditor, joins in Sections I and III of the Reply Memorandum Of Law In Further Support Of The Motion By NML Capital, Ltd. For Partial Summary Judgment, dated April 7, 2015 ("Reply Memorandum of Law"), and all declarations submitted in support of the motion, to be filed in *NML Capital, Ltd. v. Republic of Argentina,* 14 Civ. 8601 (TPG), since the movants therein also bought bonds issued pursuant to the 1994 FAA, and there is no need to inundate the Court with multiple memoranda of law making the same arguments. Plaintiff does not join in Section II of the Reply Memorandum of Law because that section is inapplicable to non-judgment creditors such as Attestor.

## CONCLUSION

Based on the forgoing, the Court should grant Plaintiff's motion for partial summary judgment as to the Republic's violations of the Pari Passu Clause. The remedy for the Republic's violations should be determined in subsequent proceedings.

Dated: New York, New York
      April 7, 2015

**DUANE MORRIS LLP**

By: _____
Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020

Attorneys for Plaintiff