**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------X

| | | |
|---|---|---|
| ATTESTOR MASTER VALUE FUND LP, | : | |
| Plaintiff, | : | 14 Civ. 5849 (LAP) |
| v. | : | |
| THE REPUBLIC OF ARGENTINA | : | |
| Defendant. | : | |

---------------------------X

| | | |
|---|---|---|
| TRINITY INVESTMENTS LIMITED, | : | |
| Plaintiff, | : | 14 Civ. 10016 (LAP) |
| v. | : | |
| THE REPUBLIC OF ARGENTINA | : | |
| Defendant. | : | |

---------------------------X

| | | |
|---|---|---|
| TRINITY INVESTMENTS LIMITED, | : | |
| Plaintiff, | : | 15 Civ. 1588 (LAP) |
| v. | : | |
| THE REPUBLIC OF ARGENTINA | : | |
| Defendant. | : | |

---------------------------X

| | | |
|---|---|---|
| TRINITY INVESTMENTS LIMITED, | : | |
| Plaintiff, | : | 15 Civ. 2611 (LAP) |
| v. | : | |
| THE REPUBLIC OF ARGENTINA | : | |
| Defendant. | : | |

---------------------------X

| | | |
|---|---|---|
| TRINITY INVESTMENTS LIMITED, | : | |
| Plaintiff, | : | 15 Civ. 5886 (LAP) |
| v. | : | |
| THE REPUBLIC OF ARGENTINA | : | |
| Defendant. | : | |

---------------------------X

```
TRINITY INVESTMENTS LIMITED,            :
                Plaintiff,              :       16 Civ. 1436 (LAP)
        v.                              :
THE REPUBLIC OF ARGENTINA               :
                Defendant.              :
----------------------------------------X
TRINITY INVESTMENTS LIMITED,            :
                Plaintiff,              :       15 Civ. 9982 (LAP)
        v.                              :
THE REPUBLIC OF ARGENTINA               :
                Defendant.              :
----------------------------------------X
```

**PLAINTIFFS' OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND AND UNDISPUTED FACTS ......................................................................... 1

    A.    The Plaintiffs ............................................................................................................ 1

    B.    The FAA Bonds ...................................................................................................... 2

    C.    The Republic's Defaults ......................................................................................... 3

    D.    Judgment Calculations ............................................................................................ 4

ARGUMENT ................................................................................................................................. 7

    I.    Standard of Review ................................................................................................. 7

    II.    The Republic's Declaration of a Moratorium and Its Failure to Pay Interest and Principal on Plaintiffs' Bonds Entitles Plaintiffs to Summary Judgment .......................................... 8

    III.    Reservations of Rights ............................................................................................ 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applestein v. Republic of Argentina*,
2003 WL 22743762 (S.D.N.Y. Nov. 20, 2003) ........................................................................ 4

*Bison Bee LLC v. Republic of Argentina*,
2018 WL 8058126 (S.D.N.Y. Oct. 22, 2018), *aff'd,* 778 Fed. Appx. 72 (2d Cir. 2019) ................................................................................................................................ 2, 9

*Dvoskin v. Prinz*,
613 N.Y.S.2d 654 (2d Dep't 1994) .......................................................................................... 8

*EM Ltd. v. Republic of Argentina*,
2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003), *aff'd*, 382 F.3d 291 (2d. Cir. 2004) .................................................................................................................................. 4, 8

*Exp.-Imp. Bank of the Republic of China v. Grenada*,
2013 WL 4414875 (S.D.N.Y. Aug. 19, 2013) ....................................................................... 10

*FFI Fund, Ltd. v. Republic of Argentina*,
2006 WL 435734 (S.D.N.Y. Feb. 23, 2006) ......................................................................... 4, 8

*Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina*,
2006 WL 397908 (S.D.N.Y. Feb. 17, 2006) ......................................................................... 4, 8

*Lightwater Corp. v. Republic of Argentina*,
2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ....................................................................... 4, 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) .................................................................................................................. 7

*Mazzini v. Republic of Argentina*,
2005 WL 743090 (S.D.N.Y. Mar. 31, 2005) ......................................................................... 7, 8

*NML Capital, Ltd. v. Republic of Argentina*,
2015 WL 3542535 (S.D.N.Y. June 5, 2015) ......................................................................... 8, 9

*NML Capital v. Republic of Argentina*,
17 N.Y.3d 250 (2011) .............................................................................................................. 4, 9

*Omni Quartz, Ltd. v. CVS Corp.*,
287 F.3d 61 (2d Cir. 2002) ....................................................................................................... 8

*Pasquali v. Republic of Argentina*,
2006 WL 3316975 (S.D.N.Y. Nov. 14, 2006) ..................................................................... 4, 8

*U.S. ex rel. Romano v. N.Y. Presbyterian*,
    426 F. Supp. 2d 174 (S.D.N.Y. 2006) .................................................................................. 7

*Valley Nat'l Bank v. Greenwich Ins. Co.*,
    254 F. Supp. 2d 448 (S.D.N.Y. 2003) ................................................................................... 7

*White Hawthorne, et. al. v. Republic of Argentina*,
    2016 WL 7441699 (S.D.N.Y. Dec. 22, 2016) ................................................................... 2, 9

In each of the seven captioned civil actions, Plaintiffs seek summary judgment. Plaintiffs submit this omnibus memorandum of law, together with the Declaration of Matteo Zingaretti dated May 1, 2020 ("Zingaretti Decl."), and Plaintiffs' Omnibus Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("Stmt.") in support of their motions.

## PRELIMINARY STATEMENT

These actions are claims on defaulted bonds issued by the Republic of Argentina (the "Republic"). The Republic failed to pay interest and principal due on sovereign indebtedness owned by the respective Plaintiffs. In each of the seven actions, the Plaintiff is entitled to summary judgment based on the following incontestable facts:

(1) Each Plaintiff is the beneficial owner of the bonds identified in its respective complaint(s).

(2) The Republic declared a moratorium in December 2002 on payments of principal and interest with respect to its foreign debt, at which time the Republic ceased all payments on its external debt obligations – including the bonds owned by Plaintiff in each of the seven actions.

(3) In each action, the Republic, since declaring the moratorium, has not paid Plaintiff anything on the bonds upon which Plaintiff bases its claims, and the Republic is therefore in default on its unconditional obligation to pay Plaintiff on those bonds.

As there is no genuine issue as to any material fact and each Plaintiff is entitled to judgment as a matter of law, the Court should grant each Plaintiff's motion for summary judgment.

## BACKGROUND AND UNDISPUTED FACTS

### A. The Plaintiffs

Each of the seven actions was brought by one of two plaintiff entities: Attestor Value

Master Fund LP ("Attestor")[1] or Trinity Investments Designated Activity Company (f/k/a Trinity Investments Limited) ("Trinity").[2]

### B. The FAA Bonds

Each Plaintiff is the beneficial owner of certain bonds, as detailed below, that the Republic issued pursuant to the Fiscal Agency Agreement dated October 19, 1994 ("FAA").[3]  Zingaretti Decl. ¶ 6.  A copy of the FAA is attached to the Zingaretti Decl. as Exhibit A.  Earlier, in related litigation, disputes arose as to the extent to which bonds, and claims on the bonds, were timely in some of these actions.  Those disputes have now been resolved by decisions of this Court and the Court of Appeals.  As detailed below and in the Zingaretti Decl., Plaintiffs seek judgment only with respect to bond claims that are timely and calculated in accordance with this Court's decisions in *White Hawthorne, et. al. v. Republic of Argentina*, 2016 WL 7441699 (S.D.N.Y. Dec. 22, 2016), and *Bison Bee LLC v. Republic of Argentina*, 2018 WL 8058126 (S.D.N.Y. Oct. 22, 2018) (Preska, J.), *aff'd,* 778 Fed. Appx. 72 (2d Cir. 2019).

Pursuant to the FAA, the Republic expressly (i) consented to the jurisdiction of this Court (Zingaretti Decl. Ex. A, § 22), (ii) consented to service of process on its agent, Banco de la Nacion Argentina, in New York City (*id.*), (iii) waived sovereign immunity to the fullest extent permitted

---

[1] Plaintiff Attestor was identified as "Attestor Master Value Fund LP" in the original complaint filings and in the case caption.  The correct name of the Plaintiff entity is "Attestor Value Master Fund," as shown on the original account statement filed when the case was commenced.  *See* Account Statement, Case No. 14-05849, Dkt. No. 7, Exhibit B (August 19, 2014).  Plaintiff Attestor is a limited partnership organized under the laws of the Cayman Islands, a British Overseas Territory.  Zingaretti Decl. ¶ 3.

[2] Plaintiff Trinity Investments Designated Activity Company (formerly known as Trinity Investments Limited), is a limited liability company incorporated in Ireland on November 22, 2013 under the Companies Act 2014 as a company limited by shares.  It converted to a Designated Activity Company under the Companies Act 2014 on August 6, 2016.  *See* Zingaretti Decl. ¶ 4.

[3] The bonds subject to the present summary judgment motions were all issued pursuant to the FAA and include ISINs US040114AR16, US040114AV28, US040114BE93, US040114FB19, US040114FC91, US040114GD65, US040114GF14 US040114GA27, US040114GG96 and US040114GH79 (collectively, the "FAA Bonds").  *See* Zingaretti Decl. ¶¶ 8-40.

by law (*id.*), and (4) agreed that the FAA would be governed by and construed in accordance with the laws of the State of New York. *Id.* § 23.

Pursuant to Section 12 of the FAA, the following, *inter alia*, are defined as "Events of Default":

> (a) Non-Payment: The Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues of a period of 30 days; or
>
> * * *
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

Zingaretti Decl. Ex. A § 12.

Section 12 of the FAA provides that a note holder may give the Republic written notice and declare "the principal amount of such Securities held by it to be due and payable immediately," together with all accrued interest upon any of the foregoing Events of Default. Zingaretti Decl. Ex. A § 12.

The FAA further provides that the Republic "promises . . . to pay interest . . . until the principal hereof is paid or made available for payment." Zingaretti Decl. Ex. A, Exhibit A at 4.

### C. The Republic's Defaults

In December 2001, the Republic declared a moratorium and ceased payment on all of its External Indebtedness. Since then, it has extended the moratorium in its annual budgets and refused to pay any principal or interest owed to creditors subject to the moratorium. Stmt. ¶¶ 49-50. The Republic's declaration is an event of default under section 12(d) of the FAA.

Thereafter the Republic has further defaulted by failing to make any payment of interest or principal on the FAA Bonds. Zingaretti Decl. ¶¶ 45-46. Courts in this District have previously determined that the Republic defaults on its obligations under this same FAA when it fails to pay

amounts due on bonds issued thereunder.  *See*, *e.g.*, *Lightwater Corp. v. Republic of Argentina*, 2003 WL 1878420, at *4 (S.D.N.Y. Apr. 14, 2003) (granting summary judgment to beneficial owners of bonds governed by the FAA, finding that "[t]he obligations of [Argentina] on the bonds involved in these lawsuits are unconditional.  Sovereign immunity has been waived. [Argentina] defaulted on the bonds when it ceased to pay the interest."); *Pasquali v. Republic of Argentina*, 2006 WL 3316975, at *3 (S.D.N.Y. Nov. 14, 2006); *FFI Fund, Ltd. v. Republic of Argentina*, 2006 WL 435734, at *2 (S.D.N.Y. Feb. 23, 2006); *Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina*, 2006 WL 397908, at *2 (S.D.N.Y. Feb. 17, 2006); *EM Ltd. v. Republic of Argentina*, 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003), *aff'd*, 382 F.3d 291 (2d. Cir. 2004); *Applestein v. Republic of Argentina*, 2003 WL 22743762, at *3 (S.D.N.Y. Nov. 20, 2003).

By reason of the Republic's defaults, and in accordance with Section 12 of the FAA, the Plaintiff in each case provided the Republic with written notice that it was declaring the principal and interest on the FAA Bonds to be due and payable.  *See* Zingaretti Decl. ¶¶ 49-59.

### D.  Judgment Calculations

Plaintiffs have abandoned any claim as to bonds issued under ISINs US040114AZ32 (alleged in Case No. 14-5849), US040114GF14 (alleged in Case No. 15-1588) and XS0086333472 (alleged in Case No. 15-09982), because those bonds matured more than six years prior to the commencement of the applicable suit.  All of the other bonds alleged in the seven civil actions either matured, or were accelerated, within six years of the applicable complaint. Zingaretti Decl. ¶¶ 49-59, Ex. D.  As to each such bond, the plaintiff in the relevant action seeks judgment in the amount of (1) principal, (2) unpaid interest coupons, solely to the extent that the unpaid coupons became due within (and since) six years preceding the filing of the applicable complaint, and (3) in accordance with the holding of the New York Court of Appeals in *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250 (2011), pre-judgment interest at the statutory rate of 9% pursuant to

N.Y. CPLR §§ 5001(a) and 5004 accruing on each recoverable unpaid interest coupon. Zingaretti Decl. ¶ 61. The chart below summarizes the judgment amounts sought, calculated as of May 31, 2020, for each FAA Bond, along with a *per diem* interest amount for each FAA Bond included to assist the Court in calculating the amount as of the date judgment is entered:

| ATTESTOR | | | | | | |
|---|---|---|---|---|---|---|
| Case No. 14-5849 | | | | | | |
| **Complaint Date** | **ISIN** | **Maturity** | **Coupon Rate** | **Original Principal** | **Judgment Amount (as of May 31, 2020)** | *Per Diem* **Interest Amount** |
| 8/19/2014 | US040114AR16 | 1/30/17 | 11.375% | $4,208,000.00 | **$12,806,282.60** | *$4,531.18* |
| | US040114AV28 | 9/19/27 | 9.750% | $4,586,000.00 | **$12,973,836.52** | *$4,485.50* |
| | US040114BE93 | 4/7/09 | 11.750% | $4,044,000.00 | **$12,887,078.69** | *$4,541.69* |
| | US040114FB19 | 2/1/20 | 12.000% | $25,000.00 | **$78,855.79** | *$28.05* |
| | US040114FC91 | 3/15/10 | 11.375% | $1,361,000.00 | **$4,262,478.45** | *$1,495.66* |
| | US040114GA27 | 6/15/15 | 11.750% | $275,000.00 | **$863,794.78** | *$305.71* |
| | US040114GD65 | 2/21/12 | 12.375% | $440,000.00 | **$1,467,825.43** | *$518.21* |
| | US040114GF14 | 12/19/08 | 15.500% | $2,531,696.00 | **$9,673,327.01** | *$3,508.37* |
| | US040114GG96 | 6/19/18 | 12.250% | $1,508,000.00 | **$8,824,736.88** | *$3,136.03* |
| | US040114GH79 | 6/19/31 | 12.000% | $700,000.00 | **$3,991,332.70** | *$1,415.70* |
| | | | | TOTAL: | **$67,829,548.84** | *$23,966.08* |

| TRINITY | | | | | | |
|---|---|---|---|---|---|---|
| Case No. 14-10016 | | | | | | |
| **Complaint Date** | **ISIN** | **Maturity** | **Coupon Rate** | **Original Principal** | **Judgment Amount (as of May 31, 2020)** | *Per Diem* **Interest Amount** |
| 12/18/2014 | US040114AR16 | 1/30/17 | 11.375% | $268,000.00 | **$815,609.25** | *$288.58* |
| | US040114AV28 | 9/19/27 | 9.750% | $25,000.00 | **$68,202.72** | *$23.82* |
| | US040114BE93 | 4/7/09 | 11.750% | $750,000.00 | **$2,299,113.88** | *$819.57* |
| | US040114GA27 | 6/15/15 | 11.750% | $500,000.00 | **$1,510,427.38** | *$540.80* |
| | US040114GF14 | 12/19/08 | 15.500% | $2,431,000.00 | **$9,288,578.86** | *$3,368.83* |
| | US040114GG96 | 6/19/18 | 12.250% | $250,000.00 | **$1,462,986.88** | *$519.90* |
| | US040114GH79 | 6/19/31 | 12.000% | $1,100,000.00 | **$6,272,094.24** | *$2,224.67* |
| | | | | TOTAL: | **$21,717,013.23** | *$7,786.17* |

| TRINITY | | | | | | |
|---|---|---|---|---|---|---|
| Case No. 15-1588 | | | | | | |
| Complaint Date | ISIN | Maturity | Coupon Rate | Original Principal | Judgment Amount (as of May 31, 2020) | *Per Diem Interest Amount* |
| 3/4/2015 | US040114AR16 | 1/30/17 | 11.375% | $1,500,000.00 | **$4,391,387.55** | *$1,571.81* |
| | US040114AV28 | 9/19/27 | 9.750% | $728,000.00 | **$1,986,063.32** | *$693.68* |
| | US040114BE93 | 4/7/09 | 11.750% | $245,000.00 | **$751,043.87** | *$267.73* |
| | US040114FC91 | 3/15/10 | 11.375% | $100,000.00 | **$301,419.81** | *$106.95* |
| | US040114GA27 | 6/15/15 | 11.750% | $2,620,000.00 | **$7,914,639.46** | *$2,833.80* |
| | US040114GG96 | 6/19/18 | 12.250% | $179,077.00 | **$1,007,298.39** | *$362.25* |
| | | | | TOTAL: | **$16,351,852.40** | *$5,836.21* |

| TRINITY | | | | | | |
|---|---|---|---|---|---|---|
| Case No. 15-2611 | | | | | | |
| Complaint Date | ISIN | Maturity | Coupon Rate | Original Principal | Judgment Amount (as of May 31, 2020) | *Per Diem Interest Amount* |
| 4/3/2015 | US040114AR16 | 1/30/17 | 11.375% | $8,000,000.00 | **$23,420,733.61** | *$8,382.96* |
| | US040114BE93 | 4/7/09 | 11.750% | $20,000.00 | **$61,309.70** | *$21.86* |
| | US040114FC91 | 3/15/10 | 11.375% | $155,000.00 | **$449,360.09** | *$161.32* |
| | | | | TOTAL: | **$23,931,403.40** | *$8,566.13* |

| TRINITY | | | | | | |
|---|---|---|---|---|---|---|
| Case No. 15-5886 | | | | | | |
| Complaint Date | ISIN | Maturity | Coupon Rate | Original Principal | Judgment Amount (as of May 31, 2020) | *Per Diem Interest Amount* |
| 7/27/2015 | US040114AR16 | 1/30/17 | 11.375% | $27,980,000.00 | **$81,914,015.80** | *$29,319.41* |
| | US040114GA27 | 6/15/15 | 11.750% | $34,000.00 | **$98,712.56** | *$35.78* |
| | US040114GD65 | 2/21/12 | 12.375% | $492,000.00 | **$1,516,344.46** | *$548.21* |
| | | | | TOTAL: | **$83,529,072.83** | *$29,903.39* |

| TRINITY | | | | | | |
|---|---|---|---|---|---|---|
| Case No. 16-1436 | | | | | | |
| Complaint Date | ISIN | Maturity | Coupon Rate | Original Principal | Judgment Amount (as of May 31, 2020) | *Per Diem Interest Amount* |
| 2/24/2016 | US040114AR16 | 1/30/17 | 11.375% | $3,550,000.00 | **$9,598,853.26** | *$3,521.41* |
| | US040114FC91 | 3/15/10 | 11.375% | $295,000.00 | **$822,050.77** | *$298.72* |
| | US040114AV28 | 9/19/27 | 9.750% | $150,000.00 | **$379,944.41** | *$135.61* |
| | | | | TOTAL: | **$10,800,848.44** | *$3,955.75* |

| TRINITY ||||||
| Case No. 15-9982 ||||||
| Complaint Date | ISIN | Maturity | Coupon Rate | Original Principal | Judgment Amount (as of May 31, 2020) | *Per Diem Interest Amount* |
| --- | --- | --- | --- | --- | --- | --- |
| 12/22/2015 | US040114AR16 | 1/30/17 | 11.375% | $2,400,000.00 | **$6,754,653.33** | *$2,447.00* |
| | | | | TOTAL: | **$6,754,653.33** | *$2,447.00* |

*See* Zingaretti Decl. Ex. D.

## ARGUMENT

### I. Standard of Review

Summary judgment is proper where "there is no genuine issue as to any material fact" such that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The movant must "'demonstrate the absence of a genuine issue of material fact. . . . The burden is then on the non-moving party to set forth specific facts raising a genuine issue of fact for trial.'" *U.S. ex rel. Romano v. N.Y. Presbyterian*, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Ruling on motions for summary judgment brought by similarly-situated plaintiffs suing the Republic on bonds issued under the FAA, Judge Griesa previously "grant[ed] summary judgment to plaintiffs who provide (1) evidence of ownership of a particular bond, and (2) evidence specifically identifying the bond. In most cases, a property executed declaration and an account statement will be sufficient to prove that the bonds plaintiffs claim to own are in fact the bonds held in their account." *Mazzini v. Republic of Argentina*, 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005).

This ruling was entirely warranted. Summary judgment is particularly appropriate for the

resolution of debt claims. *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotations omitted); *Dvoskin v. Prinz*, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon."). Where, as here, the issue before the Court is the application of an unambiguous contract, the case is appropriate for summary judgment. *See Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002).

## II. The Republic's Declaration of a Moratorium and Its Failure to Pay Interest and Principal on Plaintiffs' Bonds Entitles Plaintiffs to Summary Judgment

Plaintiffs have demonstrated that they are the beneficial owners of the FAA Bonds. *See* Zingaretti Decl. ¶¶ 8-40; *id.* Exs. B and C; *see also Mazzini*, 2005 WL 743090, at *4.

It is undisputed that the Republic has defaulted on the bonds. The Republic issued a moratorium on payments of principal and interest due on bonds issued under the FAA, *see NML Capital, Ltd. v. Republic of Argentina*, 2015 WL 3542535, at *6 (S.D.N.Y. June 5, 2015), and also failed to pay interest and principal on the FAA Bonds when they were due and payable. *See* Zingaretti Decl. ¶ 46. The Republic's declaration of a moratorium and its failure to pay interest due and owing on bonds issued pursuant to the FAA constitute defaults under the FAA. *See* Zingaretti Decl. ¶¶ 43-48; *see also Pasquali*, 2006 WL 3316975, at *3; *FFI Fund*, 2006 WL 435734, at *2; *Greylock*, 2006 WL 497908, at *2; *EM Ltd.*, 2003 WL 22120745, at *2; *Lightwater*, 2003 WL 1878420, at *1. In previous Argentina cases, plaintiff bondholders were granted summary judgment because the Republic's declaration of a moratorium and its failure to pay interest on bonds issued pursuant to the FAA both constituted events of default. *See*, *e.g.*,

*Lightwater*, 2003 WL 1878420; *Mazzini*, 2005 WL 743090.

Recent decisions in related cases involving FAA bonds have resolved questions about the enforceability of the bonds. In *White Hawthorne*, 2016 WL 7441699, Judge Griesa determined that the bonds issued under the FAA are governed by the six-year statute of limitations in N.Y. C.P.L.R. § 213 (*see id.* at *10) and further ruled that:

> [i]n an action for defaulted bond payment, the six-year limitations period applies to both defaulted principal and interest. It begins to run for each interest installment on the day payment is due and for principal on the day the bond matures. . . . In other words, a plaintiff may recover only those interest payments due within the six years prior to commencing the action . . . .

*Id.* Thus, as this Court ruled in 2018, only claims that "fall outside of § 213's six-year statute of limitations period are [] time-barred." *Bison Bee LLC*, 2018 WL 8058126, at *2. Furthermore, the New York Court of Appeals has determined that statutory interest, at the rate of 9% under N.Y. CPLR §§ 5001(a) and 5004, is recoverable on unpaid interest that became due upon or before the maturity or acceleration of the bond. *See NML*, 17 N.Y.3d 250.

As shown above, Plaintiffs have limited their requests for judgment to claims for principal and interest on each FAA Bond that became due within, or since, six years of the date the particular case was commenced. *See* Zingaretti Decl. ¶ 61. Applying the rule of *White Hawthorne*, each motion for summary judgment sets out the calculation of the amount owed as of May 31, 2020, together with a *per diem* interest amount that will run on the May 31 calculation in the event judgment issues at a later date.

## III.    Reservations of Rights

This Court has held that the rights arising from a *pari passu* clause are fundamentally different from those bound up in a debt judgment. In the event that the Republic refuses payment even after final judgment, and continues to violate its covenants under the *pari passu* clause in ¶ 1(c) of the FAA by paying other external indebtedness or preferring other bonds issued under the

FAA, each Plaintiff reserves all rights to move for further relief arising from the clause. *See NML*, 2015 WL 3542535, at *5-6 ("The claim for failure to pay principal and interest is fundamentally different from the *pari passu* claim. . . . Thus, the court concludes that the *pari passu* clause is different from what was previously litigated, and not precluded by principle of *res judicata* or merger."); *Exp.-Imp. Bank of the Republic of China v. Grenada*, 2013 WL 4414875, at *1-3 (S.D.N.Y. Aug. 19, 2013).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 in each of the seven captioned actions.

Dated: New York, New York
       May 5, 2020

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Sabin Willett*
Sabin Willett (*pro hac vice*)
Christopher L. Carter (*pro hac vice*)
Amanda J. Ford (*pro hac vice* pending)
One Federal Street
Boston, MA 02110
(617) 951-8000
sabin.willett@morganlewis.com

-and-

Kenneth I. Schacter
Timothy B. DeSieno
Stephen Scotch-Marmo
101 Park Avenue
New York, NY 10178
(212) 309-6000
kenneth.schacter@morganlewis.com

*Attorneys for Plaintiffs*

**DUANE MORRIS LLP**

/s/ *Anthony J. Costantini*
Anthony J. Costantini
David T. McTaggart
1540 Broadway
New York, NY 10036
(212) 692-1020
ajcostantini@duanemorris.com

*Attorneys for Plaintiffs*