quinn emanuel trial lawyers | new york

295 Fifth Avenue, New York, NY 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7160**

WRITER'S EMAIL ADDRESS
**kevinreed@quinnemanuel.com**

January 28, 2025

<u>VIA ECF</u>

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - Room 12A
New York, New York 10007

Re:   *Attestor Master Value Fund LP v. Republic of Argentina*, 14-cv-05849;
*Trinity Investments Ltd. v. Republic of Argentina*, 14-cv-10016, 15-cv-1588, 15-cv-2611, 15-cv-5886, 15-cv-9982, 16-cv-1436;
*Bybrook Capital Master Fund LP & Bybrook Capital Hazelton Master Fund LP v. Republic of Argentina*, 15-cv-2369, 15-cv-7367, 16-cv-1192, 21-cv-2060;
*White Hawthorne, LLC v. Republic of Argentina*, 15-cv-4767, 15-cv-9601;
*White Hawthorne, LLC and White Hawthorne II, LLC v. The Republic of Argentina*, 16 Civ. 1042 (LAP); and
*Bison Bee LLC v. Republic of Argentina*, 18 Civ. 3446 (LAP)

Dear Judge Preska:

On behalf of Plaintiffs in the above-referenced actions, we write to respectfully seek a conference as soon as practicable to address Plaintiffs' request for an order lifting the Court's stay of its CPLR 5225(b) Order in the above-referenced actions [Case No. 1:21-cv-02060, ECF 34] (the "**Turnover Order**").

Plaintiffs seek to enforce this Court's monetary judgments in their favor against the Republic of Argentina ("**Argentina**"). As part of such enforcement efforts, Plaintiffs sought, and the Court granted and confirmed, an attachment of Argentina's reversionary interest in certain Brady Bond collateral held in accounts maintained by the Federal Reserve Bank of New York (the "**FRBNY**") in New York and overseas (the "**Collateral**"). On March 28, 2023, the Court issued the Turnover Order, which, *inter alia*, directed the FRBNY to turn over to Plaintiffs Argentina's reversionary interest in the Collateral. The Court stayed that portion of the Turnover Order,

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

however, "pending further of this Court following the issuance of the mandate by the Court of Appeals in any appeal from this Order." (Turnover Order).

The Second Circuit rejected Argentina's appeal and affirmed the Turnover Order in a decision issued on August 21, 2024. At Argentina's request, the Second Circuit stayed its mandate to permit Argentina to seek certiorari from the Supreme Court. Argentina's certiorari petition was denied on January 27, 2025, and the Second Circuit issued its mandate on January 28, 2025, returning jurisdiction in these cases to this Court.

Plaintiffs now seek a conference to request that the Court lift the stay of the Turnover Order, such that the FRBNY will be required to turn over Argentina's reversionary interest in the Collateral to Plaintiffs. Additionally, and after consulting with the US Marshal, Plaintiffs request issuance of a Writ of Execution to be served by the US Marshal on the FRBNY, which will be submitted to the Court for filing under seal.

We are cognizant that non-party Bainbridge Fund Ltd. ("**Bainbridge**") previously requested a conference in these cases [Dkt. 154] ("**Ltr.**"), cursorily stating in a one paragraph letter that it plans to "move to invalidate the attachments of the Attestor parties on the grounds that they have failed to give proper notice of their attachments, as required by CPLR [ ] 6212(c)."[1] Ltr. at 1. The Court denied Banbridge's request for a pre-motion conference on the ground that the Court of Appeals had not yet returned jurisdiction to this Court, but we anticipate that, with the mandate now having issued, Bainbridge will renew its request. For the sake of efficiency, we have copied counsel for Bainbridge on this letter and respectfully suggest that they be required to attend any conference the Court agrees to schedule, if it remains Bainbridge's intention to seek to invalidate Plaintiffs' attachments. We further request that, to the extent Bainbridge intends to move to invalidate Plaintiffs' attachments, the Court direct it to submit a proper pre-motion letter, which details the legal and factual bases upon which any such motion would be based, sufficiently in advance of the conference to permit Plaintiffs to meaningfully respond.

Respectfully submitted,

*/s/ Kevin S. Reed*
Kevin S. Reed

cc:   Counsel for the Republic of Argentina (via ECF)
      Anthony J. Costantini, Counsel for Bainbridge (via email)

---

[1] CPLR 6212(c) states, in pertinent part, "Filing. Within ten days after the granting of an order of attachment, the plaintiff shall file it and the affidavit and other papers upon which it was based and the summons and complaint in the action. Unless the time for filing has been extended, the order shall be invalid if not so filed."