**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, NY 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7160**

WRITER'S EMAIL ADDRESS
**kevinreed@quinnemanuel.com**

February 3, 2025

<u>VIA ECF</u>

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - Room 12A
New York, New York 10007

Re:  *Attestor Master Value Fund LP v. Republic of Argentina*, 14-cv-05849;
*Trinity Investments Ltd. v. Republic of Argentina*, 14-cv-10016, 15-cv-1588, 15-cv-2611, 15-cv-5886, 15-cv-9982, 16-cv-1436;
*Bybrook Capital Master Fund LP & Bybrook Capital Hazelton Master Fund LP v. Republic of Argentina*, 15-cv-2369, 15-cv-7367, 16-cv-1192, 21-cv-2060;
*White Hawthorne, LLC v. Republic of Argentina*, 15-cv-4767, 15-cv-9601;
*White Hawthorne, LLC and White Hawthorne II, LLC v. The Republic of Argentina*, 16-cv-1042 (LAP); and
*Bison Bee LLC v. Republic of Argentina*, 18-cv-3446 (LAP)

Dear Judge Preska:

On behalf of Plaintiffs in the above-referenced actions, we write to request a brief extension of the date to submit a reply to the January 31, 2025 pre-motion letter filed by The Republic of Argentina (the "**Republic**") in the above-referenced actions, as well as the January 30, 2025 letter filed by Bainbridge Fund Ltd. ("**Bainbridge**") in *Bainbridge Fund Limited v. The Republic of Argentina*, 16-cv-08605 (LAP), transmitted to counsel for Plaintiffs in hard copy on January 31, 2025.  A copy of the Bainbridge letter is attached hereto as Exhibit A.

The Republic takes "no position" on whether a pre-motion conference should be convened or on the issue of priority of attachments between Plaintiffs and Bainbridge.  (Dkt. 164 at 2). Bainbridge asserts a competing attachment on the Republic's reversionary interest in Brady Bonds, and has proposed either a pre-motion letter exchange or that a briefing schedule be put into place. Counsel for Plaintiffs have corresponded with counsel for Bainbridge, and, if Your Honor is

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM |
MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

amenable to moving directly to motion practice, the Plaintiffs and Bainbridge expect to be in a position very shortly to propose an agreed briefing scheduling for motion practice regarding the priority of the attachments and Plaintiffs' contemplated motion to lift the stay of the turnover order.

Plaintiffs therefore request a two day extension of the date for the submission of the pre-motion reply letter from February 3 to February 5, 2025. This is the first request for an extension. Counsel for Plaintiffs have inquired as to the Republic's position on Plaintiffs' requested extension, and are awaiting a response.

Respectfully submitted,

*/s/ Kevin S. Reed*
Kevin S. Reed

cc:   Counsel for the Republic of Argentina (via ECF)
      Anthony J. Costantini, Counsel for Bainbridge (via email)

# EXHIBIT A

| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>LOS ANGELES<br>BOSTON<br>HOUSTON<br>DALLAS<br>FORT WORTH<br>AUSTIN | **DuaneMorris**®<br>*FIRM and AFFILIATE OFFICES*<br><br>ANTHONY J. COSTANTINI<br>DIRECT DIAL: +1 212 692 1032<br>PERSONAL FAX: +1 212 202 4712<br>E-MAIL: AJCostantini@duanemorris.com<br><br>*www.duanemorris.com* | HANOI<br>HO CHI MINH CITY<br>SHANGHAI<br>ATLANTA<br>BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NORTH JERSEY<br>LAS VEGAS<br>SOUTH JERSEY<br>MYANMAR<br><br>ALLIANCES IN MEXICO |

January 30, 2025

**VIA ECF**

Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street – Room 2220
New York, NY 10007-1312

    Re: *Bainbridge Fund Ltd. V. The Republic of Argentina*
       Civil Case No. 1:16-cv-08605-LAP

Your Honor:

  I am replying to the January 28, 2025 letter of Kevin Reed that was electronically filed in a series of related litigations against the Republic of Argentina and a copy of which is enclosed for the Court's convenience.[1] The principal purpose of Mr. Reed's letter seems to be to ask this Court to lift any existing stay in the Attestor Litigations after the denial of the Republic's petition for certiorari in such cases and the subsequent issuance of various mandates by the Second Circuit. As you will recall, my client, Bainbridge Fund LLC, also has an attachment on the same assets as Mr. Reed's client's- - the Republic's revisionary interest in the Brady Bond funds - - in connection with its Judgment in the above-

---

[1] In particular: *Attestor Master Value Fund LP v. Republic of Argentina*, 14-cv-05849; *Trinity Investments Ltd. v. Republic of Argentina*, 14-cv-10016, 15-cv-1588, 15-cv-2611 15-cv-5886, 15-cv-9982, 16-cv-1436; *Bybrook Capital Master Fund LP & Bybrook Capital Hazelton Master Fund LP v. Republic of Argentina*, 15-cv-2369, 15-cv-7367, 16-cv-1192, 21-cv-2060; *White Hawthorne, LLC v. Republic of Argentina*, 15-cv-4767, 15-cv-9601; *White Hawthorne, LLC and White Hawthorne II, LLC v. The Republic of Argentina*, 16 Civ. 1042 (LAP); and *Bison Bee LLC v. Republic of Argentina*, 18 Civ. 3446 (LAP), together ("Attestor Litigations").

DUANE MORRIS LLP

1540 BROADWAY                    PHONE: +1 212 692 1000 FAX: +1 212 692 1020
NEW YORK, NY 10036-4086                          DM1\16133665.1

DuaneMorris

Honorable Loretta A. Preska
January 30, 2025
Page 2

captioned case. By agreement with the Republic, the Republic's appeal was stayed in our case, and both parties agreed to be bound by the Second Circuit decision and any subsequent decision of the United States Supreme Court in the Attestor Litigations. Accordingly, the issuance of a mandate in those cases should apply in our case as well.

As Mr. Reed notes in the last paragraph of his letter, we previously asked for a conference to discuss our planned motion to invalidate the attachments obtained by Mr. Reed's clients in the Attestor Litigations ("Attestor Attachments"). (D.E. 154.) That planned motion was effectively stayed pending the outcome of the appellate proceedings. (D.E. 161.)

Now that the moment as been reached, we plan to renew our effort to invalidate the Attestor Attachments. As Mr. Reed correctly notes, CPLR R. 6212 (c) is the governing statute. The Rule requires that the affidavit and all other papers supporting the attachments, as well as the summons and complaint, be filed with the court within a certain period of time. Failure to do so results in the invalidity of the attachment. The purpose of the statute is to provide potential creditors with information so they can decide whether to pursue the same assets.

There is no evidence that the Attestor Attachments complied with CPLR R. 6212 (c). Aside from the summons and complaint in each case, the files were sealed and there is no evidence that they were ever unsealed until after the Second Circuit's decision. While it might be understandable that the record be sealed until the attachments were confirmed, the record should be unsealed once the attachment levy is made. Rather, whatever was filed continued to be sealed, thwarting the very purpose for which CPLR R. 6212 (c) was enacted. In fact, the Mr. Reed's clients made no attempt to unseal even when directed to do so by the Second Circuit at our behest, and only did so after the Second Circuit included an unsealing provision in its decision.

We second Mr. Reed's request for a conference to discuss these issues, and we would be happy to provide a pre-motion letter if the Court should think it desirable. Alternatively, we would also be open to working out a proposed

DuaneMorris

Honorable Loretta A. Preska
January 30, 2025
Page 3

briefing schedule with Mr. Reed, and submit any proposed schedule to the Court for its approval.

                        Sincerely,

                        *Tony Costantini*

                        Anthony J. Costantini

AJC/gg

cc:    Kevin S. Reed, Esq.
        Dennis H. Hranitzky, Esq.
        Alex H. Loomis, Esq.
        John F. Bash, Esq.
        Debra O'Gorman, Esq.
        Carmine D. Boccuzzi Jr. Esq.
        David T. McTaggart, Esq.
        Nathan Abramowitz, Esq.
        Ramsey Schultz, Esq.
        Maria E. Manghi, Esq.
        Rahul Mukhi, Esq
        Rathna Janani Ramamurthi, Esq.

**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, NY 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7160

WRITER'S EMAIL ADDRESS
kevinreed@quinnemanuel.com

January 28, 2025

**VIA ECF**

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - Room 12A
New York, New York 10007

Re:   *Attestor Master Value Fund LP v. Republic of Argentina*, 14-cv-05849;
      *Trinity Investments Ltd. v. Republic of Argentina*, 14-cv-10016, 15-cv-1588, 15-cv-2611, 15-cv-5886, 15-cv-9982, 16-cv-1436;
      *Bybrook Capital Master Fund LP & Bybrook Capital Hazelton Master Fund LP v. Republic of Argentina*, 15-cv-2369, 15-cv-7367, 16-cv-1192, 21-cv-2060;
      *White Hawthorne, LLC v. Republic of Argentina*, 15-cv-4767, 15-cv-9601;
      *White Hawthorne, LLC and White Hawthorne II, LLC v. The Republic of Argentina*, 16 Civ. 1042 (LAP); and
      *Bison Bee LLC v. Republic of Argentina*, 18 Civ. 3446 (LAP)

Dear Judge Preska:

On behalf of Plaintiffs in the above-referenced actions, we write to respectfully seek a conference as soon as practicable to address Plaintiffs' request for an order lifting the Court's stay of its CPLR 5225(b) Order in the above-referenced actions [Case No. 1:21-cv-02060, ECF 34] (the "**Turnover Order**").

Plaintiffs seek to enforce this Court's monetary judgments in their favor against the Republic of Argentina ("**Argentina**"). As part of such enforcement efforts, Plaintiffs sought, and the Court granted and confirmed, an attachment of Argentina's reversionary interest in certain Brady Bond collateral held in accounts maintained by the Federal Reserve Bank of New York (the "**FRBNY**") in New York and overseas (the "**Collateral**"). On March 28, 2023, the Court issued the Turnover Order, which, *inter alia*, directed the FRBNY to turn over to Plaintiffs Argentina's reversionary interest in the Collateral. The Court stayed that portion of the Turnover Order,

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

however, "pending further of this Court following the issuance of the mandate by the Court of Appeals in any appeal from this Order." (Turnover Order).

The Second Circuit rejected Argentina's appeal and affirmed the Turnover Order in a decision issued on August 21, 2024. At Argentina's request, the Second Circuit stayed its mandate to permit Argentina to seek certiorari from the Supreme Court. Argentina's certiorari petition was denied on January 27, 2025, and the Second Circuit issued its mandate on January 28, 2025, returning jurisdiction in these cases to this Court.

Plaintiffs now seek a conference to request that the Court lift the stay of the Turnover Order, such that the FRBNY will be required to turn over Argentina's reversionary interest in the Collateral to Plaintiffs. Additionally, and after consulting with the US Marshal, Plaintiffs request issuance of a Writ of Execution to be served by the US Marshal on the FRBNY, which will be submitted to the Court for filing under seal.

We are cognizant that non-party Bainbridge Fund Ltd. ("**Bainbridge**") previously requested a conference in these cases [Dkt. 154] ("**Ltr.**"), cursorily stating in a one paragraph letter that it plans to "move to invalidate the attachments of the Attestor parties on the grounds that they have failed to give proper notice of their attachments, as required by CPLR [ ] 6212(c)."[1] Ltr. at 1. The Court denied Banbridge's request for a pre-motion conference on the ground that the Court of Appeals had not yet returned jurisdiction to this Court, but we anticipate that, with the mandate now having issued, Bainbridge will renew its request. For the sake of efficiency, we have copied counsel for Bainbridge on this letter and respectfully suggest that they be required to attend any conference the Court agrees to schedule, if it remains Bainbridge's intention to seek to invalidate Plaintiffs' attachments. We further request that, to the extent Bainbridge intends to move to invalidate Plaintiffs' attachments, the Court direct it to submit a proper pre-motion letter, which details the legal and factual bases upon which any such motion would be based, sufficiently in advance of the conference to permit Plaintiffs to meaningfully respond.

Respectfully submitted,

*/s/ Kevin S. Reed*
Kevin S. Reed

cc:   Counsel for the Republic of Argentina (via ECF)
      Anthony J. Costantini, Counsel for Bainbridge (via email)

---

[1] CPLR 6212(c) states, in pertinent part, "Filing. Within ten days after the granting of an order of attachment, the plaintiff shall file it and the affidavit and other papers upon which it was based and the summons and complaint in the action. Unless the time for filing has been extended, the order shall be invalid if not so filed."