**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, NY 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7160**

WRITER'S EMAIL ADDRESS
**kevinreed@quinnemanuel.com**

February 5, 2025

VIA ECF

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - Room 12A
New York, New York 10007

Re:  *Attestor Master Value Fund LP v. Republic of Argentina*, 14-cv-05849;
*Trinity Investments Ltd. v. Republic of Argentina*, 14-cv-10016, 15-cv-1588, 15-cv-2611, 15-cv-5886, 15-cv-9982, 16-cv-1436;
*Bybrook Capital Master Fund LP & Bybrook Capital Hazelton Master Fund LP v. Republic of Argentina*, 15-cv-2369, 15-cv-7367, 16-cv-1192, 21-cv-2060;
*White Hawthorne, LLC v. Republic of Argentina*, 15-cv-4767, 15-cv-9601;
*White Hawthorne, LLC and White Hawthorne II, LLC v. The Republic of Argentina*, 16-cv-1042 (LAP); and
*Bison Bee LLC v. Republic of Argentina*, 18-cv-3446 (LAP)

Dear Judge Preska:

We write on behalf of Plaintiffs in the above-referenced actions in response to the January 30, 2025 letter from counsel for Banbridge Fund Ltd. ("**Bainbridge**"), which was submitted in response to my January 28, 2025 letter asking the Court to convene a conference in these cases.

As anticipated, Bainbridge seeks to invalidate Plaintiffs' attachment of the Republic of Argentina's reversionary interest in the Collateral based on Plaintiffs' purported failure to comply with CPLR 6212(c).[1]  Plaintiffs respectfully submit that Bainbridge's position is meritless.  The applicability of CPLR 6212(c) in federal court is questionable at best.  Even if it does apply here, Bainbridge's theory that Plaintiffs failed to comply with the statute's requirement to file their

---

[1] Unless otherwise defined, capitalized terms used herein have the meaning assigned to them in my January 28 letter.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

attachment by not seeking to unseal it *after* it was filed is unsupported and illogical. And even if there had been a violation (which there was not), Bainbridge does not and cannot articulate any prejudice it suffered as a result, so there would be no reason for the Court not to extend the deadline for Plaintiffs to comply with the statute *nunc pro tunc*, as it is clearly empowered to do.

With three and one-half years now having passed since Plaintiffs first obtained their attachment, and with the Collateral having earned (and continuing to earn) virtually no interest during that time, Plaintiffs are most interested in resolving this dispute as expeditiously as possible so that they can begin to collect on their judgments. Toward that end, and without prejudice to any party's position or arguments on Bainbridge's proposed motion, we have conferred with counsel for Bainbridge and reached the following agreement to propose to the Court:

- Bainbridge's motion challenging Plaintiffs' attachment shall be filed on February 28, 2025; Plaintiffs' opposition shall be filed on March 7; and Bainbridge's reply shall be filed on March 12.

- An amount of the attached Collateral having a value equal to the value of Bainbridge's claim (approximately $100 million) shall remain attached and be placed in an interest bearing account pending the resolution of Bainbridge's motion. We are working with the FRBNY to ascertain whether it is able and willing to facilitate this.

- Bainbridge shall consent to this Court (i) lifting the stay of the Turnover Order with respect to the portion of the Collateral that does not remain attached pursuant to this agreement and (ii) issuing a writ of execution for that portion of the Collateral.

If the Court is amenable to this agreement, we request that the Court so advise, and we will promptly submit a proposed stipulation and writ of execution for the Court's consideration. If not, we respectfully request that the Court convene a conference at its earliest convenience to discuss an alternative way forward in these cases.

Respectfully submitted,

*/s/ Kevin S. Reed*
Kevin S. Reed

cc:   Counsel for the Republic of Argentina (via ECF)
      Anthony J. Costantini, Counsel for Bainbridge (via email)

```
The Court is amenable to the
proposed agreement.  The
parties shall promptly submit
a proposed stipulation and
writ of execution for the
Court's consideration.  SO
ORDERED.
```

*Loretta A. Preska*
_____
Loretta A. Preska
United States District Judge

February 6, 2025
New York, New York