IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATTESTOR MASTER VALUE FUND LP,<br><br>        Plaintiff,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 14 Civ. 05849 (LAP) |
| TRINITY INVESTMENT LIMITED,<br><br>        Plaintiff,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 14 Civ. 10016 (LAP)<br>15 Civ. 1588 (LAP)<br>15 Civ. 2611 (LAP)<br>15 Civ. 5886 (LAP)<br>15 Civ. 9982 (LAP)<br>16 Civ. 1436 (LAP) |
| BYBROOK CAPITAL MASTER FUND LP, and BYBROOK CAPITAL HAZELTON MASTER FUND LP,<br><br>        Plaintiffs,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | 15 Civ. 2369 (LAP)<br>15 Civ. 7367 (LAP)<br>16 Civ. 1192 (LAP)<br>21 Civ. 2060 (LAP) |
| WHITE HAWTHORNE, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>       Defendant. | 15 Civ. 4767 (LAP)<br>15 Civ. 9601 (LAP) |

| | |
|---|---|
| WHITE HAWTHORNE, LLC and WHITE HAWTHORNE II, LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　Defendant. | 16 Civ. 1042 (LAP) |
| BISON BEE LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　Defendant. | 18 Civ. 3446 (LAP) |
| BAINBRIDGE FUND LTD.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　Defendant. | 16 Civ. 08605 (LAP) |

**STIPULATION AND ORDER**

**WHEREAS**, on June 29, 2021, the Court issued an order granting the *ex parte* motion (the "**Attachment Order**") filed by plaintiffs Attestor Master Value Fund LP, Trinity Investments Limited, Bybrook Capital Master Fund LP, Bybrook Capital Hazelton Master Fund LP, White Hawthorne, LLC, White Hawthorne II, LLC, and Bison Bee LLC ( together, "**Plaintiffs**") to attach the reversionary interest of defendant the Republic of Argentina (the "**Republic**") in certain collateral accounts and collateral held by the Federal Reserve Bank of New York (the "**FRBNY**")

2

arising out of the Republic's issuance of so-called Brady Bonds in 1993 (such collateral, the "**Brady Collateral**");

WHEREAS, on July 9, 2021, the FRBNY was served with the Attachment Order;

WHEREAS, on August 22, 2022, the Court confirmed the Attachment Order (the "**Confirmation Order**").

WHEREAS the Attachment Order and Confirmation Order were granted to aid Plaintiffs in collecting on judgments against the Republic that, as of January 31, 2025, have an aggregate value, with post-judgment interest, of $464,633,794;

WHEREAS, on September 21, 2022, the Republic filed notices of appeal from the Attachment Order and Confirmation Order to the United States Court of Appeals for the Second Circuit, consolidated as Case No. 22-2301; and

WHEREAS, on January 30, 2023, Bainbridge Fund Ltd. ("**Bainbridge**"), plaintiff in the action *Bainbridge Fund Limited v. The Republic of Argentina*, 16-cv-08605 (LAP) (the "**Bainbridge Action**"), filed an *ex parte* motion for attachment of the Brady Collateral, which was granted on January 31, 2023;

WHEREAS, on January 31, 2023, Plaintiffs moved pursuant to New York CPLR 5225 for an order directing turnover of the Republic's reversionary interest in the Brady Collateral;

WHEREAS, on February 17, 2023, Bainbridge filed an *ex parte motion* for an amended attachment order, which was granted on February 17, 2023 (the "**Bainbridge Attachment Order**");

WHEREAS, on February 23, 2023, the FRBNY was served with the Bainbridge Attachment Order;

3

**WHEREAS**, on March 28, 2023, the Court issued a turnover order in favor of Plaintiffs, pursuant to New York CPLR 5225(b), directing the FRBNY to turn over the Republic's reversionary interest in the Brady Collateral to Plaintiffs (the "**Turnover Order**"), but stayed that Order pending resolution of any appeal by the Republic;

**WHEREAS**, on March 30, 2023, the Republic filed Notices of Appeal of the Turnover Order and the appeals of the Attachment Order, Confirmation Order and Turnover Order were subsequently consolidated (the "**Appeals**");

**WHEREAS**, on March 31, 2023, the district court entered a stipulation and order, confirming the Bainbridge Attachment Order (the "**Bainbridge Confirmation Order**");

**WHEREAS,** the Bainbridge Attachment Order and the Bainbridge Confirmation Order were granted to aid Bainbridge in collecting on a judgment against the Republic that, as of January 31, 2025, has an aggregate value, with post-judgment interest, of $95,884,681.78 (the "**Bainbridge Judgment**");

**WHEREAS**, the Brady Bonds matured by their terms on March 31, 2023, at which time the Republic's obligation to pay the amounts due on the outstanding Brady Bonds came due, and those amounts due were subsequently paid out of the Brady Collateral to Citibank as Fiscal Agent for the Brady bondholders, and the FRBNY as collateral agent continued to retain all remaining Brady Collateral funds (the "**Remaining Brady Collateral Funds**");

**WHEREAS**, approximately $7 million (including approximately €52,400) of the Remaining Brady Collateral Funds are funds held in accounts designated for Brady Bond interest collateral (the "**Remaining Interest Collateral Funds**");

**WHEREAS,** on May 1, 2023, the Republic filed a Notice of Appeal of the Bainbridge Confirmation Order (the "**Bainbridge Appeal**");

4

**WHEREAS,** on May 26, 2023, the Republic and Bainbridge agreed, among other things, (i) to stay the Bainbridge Appeal pending the resolution of the Appeals; and (ii) that the outcome of the Appeals would control the Bainbridge Appeal;

**WHEREAS**, on August 21, 2024, the United States Court of Appeals for the Second Circuit resolved the Appeals by affirming the Attachment Order, the Confirmation Order and the Turnover Order;

**WHEREAS**, on October 2, 2024, United States Court of Appeals for the Second Circuit denied the Republic's petition in the Appeals for panel rehearing and rehearing *en banc*;

**WHEREAS**, on January 27, 2025, the United States Supreme Court denied the Republic's petition for a writ of certiorari;

**WHEREAS**, on January 28, 2025, the Court of Appeals issued its mandate in the Appeals and the above-captioned matters were returned to this Court;

**WHEREAS**, on February 7, 2025, the Court of Appeals issued an Order dismissing the Bainbridge Appeal and the Bainbridge Action was returned to this Court;

**WHEREAS**, Bainbridge has indicated that it intends to seek a ruling from this Court that the Bainbridge Attachment Order and Bainbridge Confirmation Order have priority over the Confirmation Order, the Attachment Order and the Turnover Order (the "**Priority Dispute**");

**WHEREAS**, as of February 6, 2025, the FRBNY holds Remaining Brady Collateral Funds in the amounts of $255,466,017.20 and €52,754,220.47 (the latter of which are held in accounts maintained at the Bank for International Settlements and the Deutsche Bundesbank);

**WHEREAS**, Plaintiffs and Bainbridge have agreed to a briefing schedule for the resolution of the Priority Dispute;

**WHEREAS**, Plaintiffs and Bainbridge have agreed that the sum of $96,000,000, corresponding roughly to the outstanding amount of the Bainbridge judgment, and not including any of the Remaining Interest Collateral Funds, (the "**Disputed Amount**") shall remain attached in the custody of the FRBNY; that the FRBNY shall convert any portion of the Remaining Brady Collateral Funds not held in US dollars into US dollars and transfer all such funds onto its books; and the Disputed Amount shall be invested at the FRBNY pending the resolution of the Priority Dispute;

**WHEREAS**, Bainbridge consents to this Court lifting the stay of the Turnover Order and issuing a Writ of Execution as to that portion of the Remaining Brady Collateral Funds that exceeds the Disputed Amount (the "**Undisputed Amount**");

**WHEREAS,** Argentina has requested that post-judgment interest on any judgment that is ultimately satisfied from the Disputed Amount cease to accrue as of the date of this Order;

**WHEREAS**, Citibank has given Brady bondholders notice as of February 19, 2025 that they must assert any claims to the Remaining Interest Collateral Funds by March 19, 2025 (the "**Notice**");

**WHEREAS**, Plaintiffs have agreed that the Remaining Interest Collateral Funds shall remain attached and in the custody of the FRBNY until at least April 1, 2025 and after Citibank confirms whether any Brady Bondholder asserted a claim to the Remaining Interest Collateral Funds; and

**WHEREAS**, by Order dated February 20, 2025, the Court extended the levy created by Plaintiffs' Attachment Order and the Bainbridge Attachment Order for 30 days following the final resolution of the Priority Dispute.

**NOW, THEREFORE**, it is hereby:

6

**ORDERED** that, Bainbridge's opening brief in the Priority Dispute is due on February 28, 2025; Plaintiffs' response is due by March 7, 2025; and Bainbridge's reply is due by March 12, 2025;

**ORDERED** that the Court's stay of the Turnover Order is hereby lifted, except with respect to (i) Remaining Brady Collateral Funds having a value equal to the sum of the Disputed Amount, *i.e.*, $96,000,000, and (ii) the Remaining Interest Collateral Funds;

**ORDERED** that a Writ of Execution with respect to the Undisputed Amount, but excluding the Remaining Interest Collateral Funds, in the form attached hereto as Exhibit A, shall issue in favor of Plaintiffs;

**ORDERED** that, with the exception of any Remaining Interest Collateral Funds held in Euros, the FRBNY is directed, as soon as practicable, to convert into US dollars the Remaining Brady Collateral Funds not held in US dollars and to transfer all such funds onto its books, and to invest (i) the Disputed Amount and (ii) any Remaining Interest Collateral Funds held in US dollars;

**ORDERED** that upon the Remaining Brady Collateral Funds (save for the Remaining Interest Collateral Funds held in Euros) being converted to US dollars and consolidated on the FRBNY's books, the FRBNY is directed to cause the Undisputed Amount less the amount of the Remaining Interest Collateral Funds to be remitted to Plaintiffs in accordance with the Turnover Order and the Writ of Execution, the latter of which sets forth payment instructions provided by Plaintiffs' counsel;

**ORDERED** that the FRBNY shall report to Plaintiffs and the Republic the total amount remitted to Plaintiffs in accordance with the Turnover Order and Writ of Execution;

**ORDERED** that, on or before April 1, 2025, Citibank shall report to Plaintiffs, the Republic, and the FRBNY whether any Brady Bondholder has asserted a claim against the

Remaining Interest Collateral Funds and, if so, the aggregate amount of such claims (the "**Claims Notice**");

**ORDERED** that upon receipt of the Claims Notice, the FRBNY is directed to (i) convert into US dollars any Remaining Interest Collateral Funds not held in US dollars that are not subject to any claim asserted by Brady bondholders and to transfer all such funds onto its books;

**ORDERED** that Plaintiffs, upon receiving the Claims Notice, shall submit to the Court a Writ of Execution with respect to any Remaining Interest Collateral Funds that are not subject to any claims asserted by Brady bondholders;

**ORDERED** that nothing in this Order shall impact the Plaintiffs' or Bainbridge's positions and arguments in connection with the Priority Dispute including, without limitation, any arguments Bainbridge may make regarding the application of CPLR Section 6212(c);

**ORDERED** that the Attachment Order and the Bainbridge Attachment Order and any levies created thereby shall remain in effect for 30 days following the final resolution of the Priority Dispute;

**ORDERED** that any investment loss resulting from an investment of Remaining Brady Collateral Funds pursuant to this Order (an "**Investment Loss**") shall be borne by the party or parties to which such funds are ultimately disbursed (*i.e.*, Plaintiffs or Bainbridge) (each a "**Recovering Party**") and not by the Republic, *i.e.*, the judgment(s) of a Recovering Party shall be satisfied up to and not less than an amount comprising the amount of the Remaining Brady Collateral Funds it received plus the amount of any Investment Loss sustained on such funds;

**ORDERED** that the return from any investment of Remaining Brady Collateral Funds pursuant to this Order shall be delivered to the Recovering Party and shall not be applied in satisfaction of the judgment of the Recovering Party;

**ORDERED** that whichever party or parties to which Remaining Brady Collateral Funds are distributed may not claim post-judgment interest from and after the date of this Order and to and including the date of such disbursement with respect to the portion of the relevant judgment finally discharged as a result of such distribution (with such satisfaction reflecting any adjustments related to the Investment Loss, if applicable, as provided above);

**ORDERED** that whichever party or parties to which the Disputed Amount is ultimately distributed (*i.e.* Plaintiffs or Bainbridge) shall be made whole by the party or parties that does not receive the Disputed Amount for any post-judgment interest lost from and after the date of this Order and to and including the date of such disbursement; and

**ORDERED** that Plaintiffs are directed to serve a copy of this Order on the FRBNY and Citibank as soon as practicable.

IT IS SO STIPULATED.

Dated: February 20, 2025

| | |
|---|---|
| **DUANE MORRIS LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| */s/ Anthony J. Costantini* <br> Anthony J. Costantini <br> David T. McTaggart <br> ajcostantini@duanemorris.com <br> dtmctaggart@duanemorris.com <br> 1540 Broadway <br> New York, New York 10036 <br> (212)-692-1000 <br><br> *Attorneys for Bainbridge Fund Ltd.* | _____ <br> Dennis H. Hranitzky <br> 2755 E. Cottonwood Pkwy, Ste. 430 <br> Salt Lake City, UT 84121 <br> 801-515-7300 <br> dennishranitzky@quinnemanuel.com <br><br> Kevin S. Reed <br> Debra D. O'Gorman <br> 295 5th Avenue <br> New York, New York 10016 <br> Telephone: (212) 849-7000 <br> kevinreed@quinnemanuel.com <br><br> *Attorneys for Plaintiffs* |

SO ORDERED:

_____
Hon. Loretta A. Preska
United States District Judge
Dated:  February 28, 2025

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATTESTOR MASTER VALUE FUND LP,<br><br>   Plaintiff,<br><br> v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>   Defendant. | 14 Civ. 05849 (LAP) |
| TRINITY INVESTMENTS LIMITED,<br><br>   Plaintiff,<br><br> v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>   Defendant. | 14 Civ. 10016 (LAP)<br>15 Civ. 1588 (LAP)<br>15 Civ. 2611 (LAP)<br>15 Civ. 5886 (LAP)<br>15 Civ. 9982 (LAP)<br>16 Civ. 1436 (LAP) |
| BYBROOK CAPITAL MASTER FUND LP, and BYBROOK CAPITAL HAZELTON MASTER FUND LP,<br><br>   Plaintiffs,<br><br> v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>   Defendant. | 15 Civ. 2369 (LAP)<br>15 Civ. 7367 (LAP)<br>16 Civ. 1192 (LAP)<br>21 Civ. 2060 (LAP) |
| WHITE HAWTHORNE, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>   Defendant. | 15 Civ. 4767 (LAP)<br>15 Civ. 9601 (LAP) |

| | |
|---|---|
| WHITE HAWTHORNE, LLC and WHITE HAWTHORNE II, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | 16 Civ. 1042 (LAP) |
| BISON BEE LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | 18 Civ. 3446 (LAP) |

## WRIT OF EXECUTION

BY ORDER ON WRIT OF EXECUTION issued by the Court dated February 28, 2025, Final Judgment having been entered in the above-captioned actions in the Southern District of New York on

    (i) July 7, 2020 in *Attestor Master Value Fund LP v. Republic of Argentina*, No. 14-cv-5849 for Plaintiff Attestor Master Value Fund LP in the amount of $68,093,569.10, which, as of February 21, 2025, has accrued post judgment interest at the rate of .16 % in the amount of $505,940 for a total of $68,599,509.10;

    (ii) July 7, 2020 in *Trinity Investments Limited v. Republic of Argentina*, No. 14-cv-10016 for Plaintiff Trinity Investments Limited in the amount of $21,809,962.38, which, as of February 21, 2025, has accrued post judgment interest at the rate of .16 % in the amount of $162,050 for a total of $21,972,012.38;

    (iii) July 7, 2020 in *Trinity Investments Limited v. Republic of Argentina*, No. 15-cv-01588 for Plaintiff Trinity Investments Limited in the amount of $16,420,514.04, which, as of February 21, 2025, has accrued post judgment interest at the rate of .16 % in the amount of $122,006 for a total of $16,542,520.04;

    (iv) July 7, 2020 in *Trinity Investments Limited v. Republic of Argentina*, No. 15-cv-2611 for Plaintiff Trinity Investments Limited in the amount of $24,041,141.35, which, as of February 21, 2025, has accrued post judgment interest at the rate of .16 % in the amount of $178,628 for a total of $24,219,769.35;

2

(v) July 7, 2020 in *Trinity Investments Limited v. Republic of Argentina*, No. 15-cv-5886 for Plaintiff Trinity Investments Limited in the amount of $83,912,386.78, which, as of February 21, 2025, has accrued post judgment interest at the rate of .16 % in the amount of $623,474 for a total of $84,535,860.78;

(vi) July 7, 2020 in *Trinity Investments Limited v. Republic of Argentina*, No. 15-cv-9982 for Plaintiff Trinity Investments Limited in the amount of $6,787,511.40, which, as of February 21, 2025, has accrued post judgment interest at the rate of .16 % in the amount of $50,432 for a total of $6,837,943.40; and

(vii) July 7, 2020 in *Trinity Investments Limited v. Republic of Argentina*, No. 16-cv-1436 for Plaintiff Trinity Investments Limited in the amount of $10,855,461.47, which, as of February 21, 2025, has accrued post judgment interest at the rate of .16 % in the amount of $80,657 for a total of $10,936,118.47 (together, the "**Judgments**")

for a collective sum of Judgments, as of February 21, 2025, of $233,643,733.50, against Defendant the Republic of Argentina (the "**Republic**"); and the Court having determined that Argentina's reversionary interest in the collateral accounts and collateral held by the FRBNY in certain accounts (the "**Collateral Accounts**") are in the United States and used by the Republic (and/or agents acting on its behalf) for commercial activity in the United States and the Court having determined that a reasonable period of time has elapsed following the entry of each of the Judgments pursuant to 28 U.S.C. §1610(c); and the Court having entered an order (the "**Turnover Order**") on March 28, 2023 directing that the funds in the Collateral Accounts be turned over to Plaintiff, but staying the effect of that order; and the Court having partially lifted its stay of the Turnover Order on February 28, 2025.

The U.S. Marshal's Office for the Southern District of New York (the "**U.S. Marshal**") is hereby directed to levy upon the Collateral Accounts (Account numbers \*\*\*\*\*\*037, \*\*\*\*\*\*053 \*\*\*\*\*\*079 and \*\*\*\*\*\*082) in satisfaction of the Judgments until the Judgments and post-judgment interest are satisfied in full, except that (i) the sum of $96,000,000 (the "**Disputed Amount**") shall remain on deposit with the Federal Reserve Bank of New York ("**FRBNY**") in

the Collateral Accounts levied upon by the U.S. Marshall, and (ii) the U.S. Marshall shall not levy upon the following Collateral Accounts:

- FRBNY Account No. ******816
- FRBNY Account No. ******832
- Bank of International Settlements Account No. ******095
- Bank of International Settlements Account No. ******105

Persons employed by Quinn Emanuel Urquhart & Sullivan LLP, as counsel for the Plaintiffs in the above-captioned actions, are hereby authorized to deliver this writ of execution to the FRBNY to effectuate the levy on behalf of the U.S. Marshal.

Following delivery of this writ of execution to the FRBNY, the U.S. Marshal shall have constructive possession of the Collateral Accounts except for the Disputed Amount, and the FRBNY shall turn over the funds in the U.S. Marshal's constructive possession to Plaintiffs at the account listed below to effectuate this writ of execution and the Turnover Order:

Manufacturers & Traders Trust Co.
ABA# 031100092
A/C# 160800-000
A/C Name: Brady Funds Escrow Account
Attn: Global Capital Markets

The funds held in the Collateral Accounts shall be applied on a pro-rata basis to the satisfaction of the aforementioned Judgments.

The Republic's last known address is that of its authorized service agent, Banco de la Nacion Argentina, 225 Park Avenue, New York, NY 10003, as appointed in the Fiscal Agency Agreement underlying the Final Judgments.

Pursuant to N.Y. C.P.L.R. § 5230(c), the time for the U.S. Marshal to return this Writ of Execution to the Clerk of the Court is extended an additional 60 days.

It is **SO ORDERED** on this 28th day of February, 2025.

4

5

                                                _____
Clerk of the Court

_____
Loretta A. Preska
United States District Judge