**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATTESTOR MASTER VALUE FUND LP,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 14 Civ. 05849 (LAP) |
| TRINITY INVESTMENTS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 14 Civ. 10016 (LAP)<br>15 Civ. 1588 (LAP)<br>15 Civ. 2611 (LAP)<br>15 Civ. 5886 (LAP)<br>15 Civ. 9982 (LAP)<br>16 Civ. 1436 (LAP) |
| BYBROOK CAPITAL MASTER FUND LP, and<br>BYBROOK CAPITAL HAZELTON MASTER<br>FUND LP,<br><br>Plaintiffs,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 15 Civ. 2369 (LAP)<br>15 Civ. 7367 (LAP)<br>16 Civ. 1192 (LAP)<br>21 Civ. 2060 (LAP) |
| WHITE HAWTHORNE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 15 Civ. 4767 (LAP)<br>15 Civ. 9601 (LAP) |

1

| | |
|---|---|
| WHITE HAWTHORNE, LLC and WHITE HAWTHORNE II, LLC,<br><br>               Plaintiffs,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>               Defendant. | 16 Civ. 1042 (LAP) |
| BISON BEE LLC,<br><br>               Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>               Defendant. | 18 Civ. 3446 (LAP) |
| BAINBRIDGE FUND LTD.,<br><br>               Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 16 Civ. 8605 (LAP) |

## ~~[PROPOSED]~~ ORDER

**WHEREAS**, on June 29, 2021, the Court issued an order (the "**Attachment Order**") granting the *ex parte* motion filed by plaintiffs Attestor Master Value Fund LP, Trinity Investments Limited, Bybrook Capital Master Fund LP, Bybrook Capital Hazelton Master Fund LP, White Hawthorne, LLC, White Hawthorne II, LLC, and Bison Bee LLC (together, "**Plaintiffs**") to attach the reversionary interest of defendant the Republic of Argentina (the "**Republic**") in certain collateral accounts and collateral held by the Federal Reserve Bank of New York (the "**FRBNY**") arising out of the Republic's issuance of so-called Brady Bonds in 1993 (such collateral, the "**Brady Collateral**");

2

**WHEREAS**, on July 9, 2021, the FRBNY was served with the Attachment Order;

**WHEREAS**, on August 22, 2022, the Court confirmed the Attachment Order (the "**Confirmation Order**");

**WHEREAS** the Attachment Order and Confirmation Order were sought in furtherance of the Attestor Plaintiffs' efforts to satisfy certain judgments entered against the Republic and certain claims asserted against the Republic, in the above-captioned actions;

**WHEREAS**, on September 21, 2022, the Republic filed notices of appeal from the Attachment Order and Confirmation Order to the United States Court of Appeals for the Second Circuit, consolidated as Case No. 22-2301;

**WHEREAS,** on January 30, 2023, Bainbridge Fund Ltd. ("**Bainbridge**"), plaintiff in the action *Bainbridge Fund Limited v. The Republic of Argentina*, 16-cv-08605 (LAP) (the "**Bainbridge Action**"), filed an *ex parte* motion for attachment of the Brady Collateral, which was granted on January 31, 2023;

**WHEREAS**, on January 31, 2023, the Attestor Plaintiffs moved pursuant to New York CPLR 5225 for an order directing turnover of the Republic's reversionary interest in the Brady Collateral;

**WHEREAS**, on February 17, 2023, Bainbridge filed an *ex parte motion* for an amended attachment order, which was granted on February 17, 2023 (the "**Bainbridge Attachment Order**");

**WHEREAS**, on February 23, 2023, the FRBNY was served with the Bainbridge Attachment Order;

**WHEREAS**, on March 28, 2023, the Court issued a turnover order in favor of the Attestor Plaintiffs, pursuant to New York CPLR 5225(b), directing the FRBNY to turn over the Republic's

3

reversionary interest in the Brady Collateral to the Attestor Plaintiffs (the "**Turnover Order**"), but stayed that Order pending resolution of any appeal by the Republic;

**WHEREAS**, on March 30, 2023, the Republic filed Notices of Appeal from the Turnover Order and the appeals from the Attachment Order, Confirmation Order and Turnover Order were subsequently consolidated (the "**Appeals**");

**WHEREAS**, on March 31, 2023, the district court entered a stipulation and order, confirming the Bainbridge Attachment Order (the "**Bainbridge Confirmation Order**");

**WHEREAS,** the Bainbridge Attachment Order and the Bainbridge Confirmation Order were sought in furtherance of Bainbridge's efforts to satisfy a judgment against the Republic entered in *Bainbridge Fund Ltd. v. The Republic of Argentina*, No. 16-cv-08605 (the "**Bainbridge Judgment**");

**WHEREAS**, the Brady Bonds matured by their terms on March 31, 2023, at which time the Republic's obligation to pay the amounts due on the outstanding Brady Bonds came due, and those amounts due were subsequently paid out of the Brady Collateral to Citibank as Fiscal Agent for the Brady bondholders, and the FRBNY as collateral agent continued to retain all remaining Brady Collateral funds (the "**Remaining Brady Collateral Funds**");

**WHEREAS**, approximately $7 million of the Remaining Brady Collateral Funds are funds held in accounts designated for Brady Bond interest collateral (the "**Remaining Interest Collateral Funds**");

**WHEREAS**, on May 1, 2023, the Republic filed a Notice of Appeal of the Bainbridge Confirmation Order (the "**Bainbridge Appeal**");

4

**WHEREAS,** on May 26, 2023, the Republic and Bainbridge agreed, among other things, (1) to stay the Bainbridge Appeal pending the resolution of the Appeals; and (2) that the outcome of the Appeals would control the Bainbridge Appeal;

**WHEREAS,** on August 21, 2024, the United States Court of Appeals for the Second Circuit resolved the Appeals by affirming the Attachment Order, the Confirmation Order and the Turnover Order;

**WHEREAS,** on October 2, 2024, United States Court of Appeals for the Second Circuit denied the Republic's petition in the Appeals for panel rehearing and rehearing *en banc*;

**WHEREAS,** on January 27, 2025, the United States Supreme Court denied the Republic's petition for a writ of certiorari;

**WHEREAS,** on January 28, 2025, the Court of Appeals issued its mandate in the Appeals and the above-captioned matters were returned to this Court;

**WHEREAS,** on February 7, 2025, the Court of Appeals issued an Order dismissing the Bainbridge Appeal and subsequently issued its mandate returning the Bainbridge Action to this Court;

**WHEREAS,** on February 28, 2025, Bainbridge filed a motion seeking a ruling from this Court that the Bainbridge Attachment Order and Bainbridge Confirmation Order have priority over the Confirmation Order, the Attachment Order and the Turnover Order (the "**Priority Dispute**");

**WHEREAS,** pending disposition of the Priority Dispute, the Attestor Plaintiffs and Bainbridge agreed that the sum of $96,000,000, corresponding roughly to the outstanding amount of the Bainbridge Judgment, and not including any of the Remaining Interest Collateral Funds, (the "**Disputed Amount**") was to remain attached in the custody of the FRBNY;

5

**WHEREAS**, on March 5, 2025, the Court entered a Stipulation and Order (1) setting a briefing schedule for the Priority Dispute; (2) issuing a writ of execution in favor of the Attestor Plaintiffs as to the Remaining Brady Collateral Funds not at issue in the Priority Dispute; (3) ordering that the Remaining Interest Collateral Funds shall remain subject to the existing Attachment Order and Turnover Order and in the custody of the FRBNY until at least April 1, 2025 and after Citibank confirms whether any Brady Bondholder asserted a claim to the Remaining Interest Collateral Funds; and (4) ordering that the return from any investment of Remaining Brady Collateral Funds shall be delivered to the party that prevails in the Priority Dispute and shall not be applied in satisfaction of the judgment of that party (ECF 180);

**WHEREAS**, by Order dated July 14, 2025, the Court denied Bainbridge's motion, and therefore ruled in favor of the Attestor Plaintiffs in the Priority Dispute (ECF 198) (the "**Priority Order**"); and

**WHEREAS**, by Order dated February 20, 2025, the Court extended the levies created by the Attestor Plaintiffs' Attachment Order and the Bainbridge Attachment Order for 30 days following the final resolution of the Priority Dispute;

**WHEREAS**, on August 11, 2025, Bainbridge filed a notice of appeal from the Priority Order (2d Cir. 25-1961, the "**Bainbridge Priority Appeal**");

**WHEREAS**, in March 2026, tentative settlement agreements were reached between the Attestor Plaintiffs and the Republic, Bainbridge and the Republic and the Attestor Plaintiffs and Bainbridge;

**WHEREAS**, the aforementioned tentative settlement agreements are expected to be finalized by April 30, 2026;

**WHEREAS**, on March 10, 2026, Bainbridge filed an unopposed motion to stay the Bainbridge Priority Appeal and related motions in light of the tentative settlements;

**WHEREAS**, on April 1, 2026, the Attestor Plaintiffs and Bainbridge entered into an escrow agreement with Wilmington Trust, National Association providing that the Disputed Amount be remitted to an escrow account established by Wilmington Trust, National Association(the "**Escrow Agreement**" and "**Escrow Account**," respectively) for distribution in accordance with the Escrow Agreement; and

**NOW, THEREFORE**, it is hereby:

**ORDERED** that the Court's stay of the Turnover Order is hereby lifted to the extent that the FRBNY is directed to cause the Disputed Amount plus any return earned thereon to be remitted to the Escrow Account identified in the Escrow Agreement.

**ORDERED** that the Attestor Plaintiffs are directed to serve a copy of this Order on the FRBNY as soon as practicable.

**ORDERED** that the parties are to give the Court a further status report by June 5, 2026.


It is **SO ORDERED** on this ___ day of April, 2026.


_____
Hon. Loretta A. Preska
United States District Judge

7